# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50226
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IAN DESHON SPENCE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CR-193-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Ian Deshon Spence entered a conditional guilty plea to possessing crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). His conviction stemmed from the traffic stop of a vehicle in which he was a passenger. Pursuant to his written plea agreement, Spence reserved the right to appeal the following issues raised in his motion to suppress: (1) whether the traffic stop was valid; (2) whether the stop was improperly

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50226

"extended before law enforcement asked for and received consent from the driver to search the vehicle;" and (3) whether he gave voluntary statements in response to questions from the law enforcement officers.

On appeal, Spence raises only the second issue preserved in his plea agreement, whether the traffic stop was improperly extended before consent to search the vehicle was obtained. He argues that a law enforcement officer impermissibly extended the stop by questioning the driver about his criminal history after all the computer checks had come back clean and after deciding to issue only a verbal warning to the driver for the traffic violation.

We may affirm on any basis in the record. *See United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010). "[A] detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop, unless further reasonable suspicion, supported by articulable facts, emerges." *United States v. Brigham*, 382 F.3d 500, 507 (5th Cir. 2004) (en banc). However, after "a valid traffic stop, an officer can request a driver's license, insurance papers, vehicle registration, run a computer check thereon, and issue a citation," and the detention is justified by the facts supporting the stop until computer checks are received. *United States v. Shabazz*, 993 F.2d 431, 437 (5th Cir. 1993). Further, it is permissible to require passengers to identify themselves and to run computer checks on passengers. *See Pack*, 612 F.3d at 351. While waiting for the results of computer checks, the police can question the subjects of a traffic stop even on subjects unrelated to the purpose of the stop. *See Shabazz*, 993 F.2d at 436-37. "[O]nce all relevant computer checks have come back clean, there is no more reasonable suspicion, and, as a general matter, continued questioning thereafter unconstitutionally prolongs the detention." *United States v. Lopez-Moreno*, 420 F.3d 420, 431 (5th Cir. 2005).

No. 15-50226

In light of the testimony of a law enforcement officer at the suppression hearing that the computer checks on the passengers were not completed when he asked the driver for consent to search, the DVD of the traffic stop failing to contradict this testimony, and the police report showing that the passengers' identifying information was obtained at some point during the stop, the evidence, viewed in the light most favorable to the Government, supports a finding that the purpose of the traffic stop had not been completed when the officer requested and received consent to search. *See Shabazz,* 993 F.2d at 437; *Pack,* 612 F.3d at 347. Accordingly, we discern no Fourth Amendment violation.

AFFIRMED.